1  HUNTON & WILLIAMS LLP
2  EMILY BURKHARDT VICENTE (SBN 263990)
   Email: ebvicente@hunton.com
3  SUSAN S. JOO (SBN 260369)
4  Email: sjoo@hunton.com
   D. ANDREW QUIGLEY (SBN 280986)
5  Email: aquigley@hunton.com
6  550 S. Hope Street, Suite 2000
   Los Angeles, California 90071
7  Telephone: (213) 532-2000
8  Facsimile: (213) 532-2020

9  Attorneys for Defendant
10 LOWE'S HOME CENTERS, LLC

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
13                    SOUTHERN DIVISION
14

15 | EVAN BROWN,                          | Case No.: 8:15-cv-1793
16 |                                      |
17 |         Plaintiff,                   | **DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446 (FEDERAL QUESTION JURISDICTION)**
18 |    v.                                |
19 |                                      |
20 | LOWE'S HOME CENTERS, LLC, an         |
21 | unincorporated association; KEN      | ORANGE COUNTY SUPERIOR COURT CASE NO. 30-2015-00812544-CU-WT-CJC
22 | KONKEL, an individual; ANONKA        |
23 | RASHEED, an individual; and DOES 1   |
   | through 5, inclusive,                | *[Declaration of D. Andrew Quigley in Support of Notice of Removal, Civil Cover Sheet, Notice of Related Cases, Notice of Interested Parties, and Certificate of Service Filed Concurrently Herewith]*
24 |                                      |
25 |         Defendants.                  |
26

27
28
DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446 (FEDERAL QUESTION
JURISDICTION)

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Lowe's Home Centers, LLC ("Lowe's") hereby removes to this Court, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, the state court action described below.[1] In support thereof, Defendant states as follows:

1. On September 30, 2015, Plaintiff Evan Brown filed an action against Lowe's and others in the Superior Court for the State of California, County of Orange, as Case No. 30-2015-00812544-CU-WT-CJC, *Evan Brown v. Lowe's Home Centers, LLC, an unincorporated association; Ken Konkel, an individual; Anonka Rasheed, an individual; and DOES 1 through 5, inclusive* (the "Action").

2. On October 5, 2015, Plaintiff served the Summons, the Complaint, and a Notice of Related Cases, among other documents, on Lowe's. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and Notice of Related Cases are attached hereto as **Exhibit A**.

3. On November 2, 2015, Lowe's filed its responsive pleading in the form of an Answer to the Complaint. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Answer is attached hereto as **Exhibit B**.

4. As set forth more fully below, the Action is one that Lowe's may remove to this Court under 28 U.S.C. § 1441 because Lowe's has satisfied the procedural

---

[1] "Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). "This general rules applies, however, only to defendants properly joined and served in the action." *Id.*; *see also Destfino v. Reiswig*, 630 F.3d 952, 956–57 (9th Cir. 2011) ("Because none of the non-joining defendants was properly served, their absence from the removal did not render the removal defective.") Here, individual Defendants Ken Konkel and Anonka Rasheed have not been served, so they are not required to join in Lowe's Notice of Removal. (Declaration of D. Andrew Quigley ¶ 2.)

1

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

requirements and this Court has subject matter jurisdiction over the Action under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

## I.
## DEFENDANT LOWE'S HOME CENTERS, LLC HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6. Plaintiff completed service of the Summons and Complaint on October 5, 2015. Because Lowe's filed the Notice of Removal within thirty days of that date, the Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

7. Venue lies in the United States District Court for the Central District of California because Plaintiff filed the Action in this judicial district and the Action remains pending in this judicial district. *See* 28 U.S.C. § 1441(a).

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Lowe's are attached hereto as follows:

> **Exhibit A** – Plaintiff's Summons, Complaint, and Notice of Related Cases
>
> **Exhibit B** – Lowe's Answer

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court for the State of California, County of Orange.

## II.
## REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

10. Federal district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

11. Removal of this Action is proper under 28 U.S.C. § 1331 as a result of federal questions raised by Plaintiff's Complaint. Specifically, Plaintiff asserts a

claim and seeks relief under a federal statute, the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–54. (Complaint ¶¶ 120–31.) Federal courts have original subject matter jurisdiction of actions brought under the FMLA. *See Gamez v. Republic Waste Servs. of S. Cal. LLC*, No. SACV 15-00294 JVS (DFMx), 2015 U.S. Dist. LEXIS 58958, at *2–4 (C.D. Cal. May 5, 2015) (denying motion to remand where defendant removed action under 28 U.S.C. § 1331 based on claim for violation of FMLA); *Amante v. VWR Int'l, LLC*, No. C-13-03206 JSC, 2013 U.S. Dist. LEXIS 134330, at *1–2 (N.D. Cal. Sept. 16, 2013) (same).

12.   Additionally, the Court may exercise supplemental jurisdiction over Plaintiff's state-law claims that do not arise under federal law, because those claims are so related to Plaintiff's federal claim that they form part of the same case or controversy. 28 U.S.C. §§ 1367(a), 1441(c); *see also Gamez*, 2015 U.S. Dist. LEXIS 58958, at *4 (exercising supplemental jurisdiction over state-law FEHA claims, among other claims, where plaintiff's state-law claims were "based on the same common nucleus of operative facts as his FMLA claim"). Specifically, Plaintiff's FMLA claim incorporates by reference the allegations of Plaintiff's state-law claims. (Complaint ¶ 120.) And, Plaintiff alleges that the same conduct giving rise to his FMLA claim is actionable under the California Fair Employment and Housing Act and California public policy. (Complaint ¶¶ 17–135.) Thus, Plaintiff's state-law claims are based on the same common nucleus of operative facts as Plaintiff's FMLA claim, and the Court may properly exercise supplemental jurisdiction over Plaintiff's state-law claims.

3

DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446 (FEDERAL QUESTION JURISDICTION)

**WHEREFORE**, Defendant hereby removes this Action from the Superior Court of the State of California, County of Orange, to this Court, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

DATED: November 3, 2015          HUNTON & WILLIAMS LLP

By: *D. Andrew Quigley*
EMILY BURKHARDT VICENTE
SUSAN S. JOO
D. ANDREW QUIGLEY
Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

4

DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446 (FEDERAL QUESTION JURISDICTION)