# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOWE'S HOME CENTERS, LLC, an unincorporated association;
"Additional Parties Attachment form is attached"

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EVAN BROWN

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/30/2015** at 02:48:11 PM

Clerk of the Superior Court
By Giovanni Galon, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court

Central Justice Center, 700 Civic Center Drive, Santa Ana, CA 92701

</td><td>

CASE NUMBER:
30-2015-00812544-CU-WT-CJC

</td></tr>
</table>

Judge Deborah Servino

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gutierrez Derham Law Firm 26632 Towne Centre Dr., Suite 300, Foothill Ranch, CA 92610

Alan Carlson, Clerk of the court

<table>
<tr><td>

DATE: September 30, 2015
*(Fecha)*

</td><td>

Clerk, by
*(Secretario)* Giovanni Galon

</td><td>

, Deputy
*(Adjunto)*

</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Lowes Home Centers, LLC

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412 20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BROWN v. LOWE'S HOME CENTERS, LLC, ET AL. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

KEN KONKEL, an individual;
ANONKA RASHEED, an individual; and
DOES 1 through 5, inclusive,

Page __1__ of __1__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1   GUTIERREZ DERHAM LAW FIRM
    Matthew Gutierrez (SBN 271206)
2   mg@gdlfsocal.com
    Amber B. Derham (SBN 255853)
3   abd@gdlfsocal.com
    26632 Towne Centre Drive
4   Suite 300
    Foothill Ranch, California 92610
5   Telephone: (949) 420-3767

6

7   Attorneys for Plaintiff, EVAN BROWN

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/30/2015** at 02:48:11 PM

Clerk of the Superior Court
By Giovanni Galon,Deputy Clerk

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF ORANGE**

10                        **[UNLIMITED CIVIL]**

11

12  EVAN BROWN,                          30-2015-00812544-CU-WT-CJC
                                         Case No.:
13                                           Judge Deborah Servino
          Plaintiff,
                                         **COMPLAINT FOR:**
14
       vs.
15                                       1.  **Intentional Misrepresentation**
    LOWE'S HOME CENTERS, LLC, an         2.  **Fraudulent and Deceitful**
16  unincorporated association; KEN KONKEL, an      **Misrepresentation**
    individual; ANONKA RASHEED, an individual;   3.  **FEHA Disability Discrimination**
17  and DOES 1 through 5, inclusive,     4.  **FEHA Failure to Engage in a**
                                             **Timely Good Faith Interactive**
18        Defendants.                         **Process**
                                         5.  **FEHA Failure to Provide**
19                                           **Reasonable Accommodation**
                                         6.  **Wrongful Termination in Violation**
20                                           **of Public Policy**
                                         7.  **Retaliation/Interference in**
21                                           **Violation of FMLA**
                                         8.  **FEHA Declaratory and Injunctive**
22                                           **Relief**

23                                       **DEMAND FOR JURY TRIAL**

24

25

26

27

28

Plaintiff, EVAN BROWN, alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to hear the subject matter of this complaint. This Court also has jurisdiction over each defendant, as the unlawful business acts alleged herein occurred in California.

2.     Venue is proper in this Court because all or some of the violations of law and unlawful practices alleged herein occurred and are occurring in the County of Orange, and Plaintiff would have continued to work for the defendants in the County of Orange but for the unlawful practices.

## PARTIES

3.     Plaintiff is an individual who at, all relevant times, has resided in the County of Orange, California.

4.     Defendant LOWE'S HOME CENTERS, LLC ("LOWE'S"), is an unincorporated association that conducted, and is conducting, business in the County of Orange.  Defendant LOWE'S is registered as active with the California Secretary of State and identifies CSC – Lawyers Incorporating Service as its agent for service of process.

5.     Defendant KEN KONKEL ("KONKEL"), is an individual who, at all relevant times, has worked in the County of Orange, California.  Upon information and belief, and on that basis Plaintiff alleges that KONKEL has, at all relevant times, resided in the County of Orange.

6.     Defendant ANONKA RASHEED ("RASHEED"), is an individual who, at all relevant times, has worked in the County of Orange, California.  Upon information and belief, and on that basis Plaintiff alleges that RASHEED has, at all relevant times, resided in the County of Orange.

7.     Plaintiff was employed by the named corporate defendants in Orange County, California, and the Defendants' conduct, hereinafter alleged, occurred in said County and State.

8.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1-5, inclusive, and therefore sues these defendants by such fictitious names and capacities. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when

1   ascertained.  Plaintiff is informed and believes and on that basis alleges that each fictitiously named

2   defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's

3   injuries were proximately caused by the conduct of such defendant.

4       9.      All of the corporate Defendants, including DOES 1-5, are alleged to be co-

5   conspirators with each other, in that each agreed to participate, and participated in, the furtherance

6   of the objective of civil wrongs as alleged in this Complaint.

7       10.     Plaintiff is informed and believes and thereupon alleges that each corporate

8   Defendant entered into a conspiracy and agreement with the other corporate Defendants and/or

9   subsequently joined said conspiracy and ratified the prior acts and conduct of the corporate

10  Defendants who had previously entered into said conspiracy.  Plaintiff is currently unaware of

11  when each corporate Defendant joined said conspiracy and, upon information and belief, alleges

12  that all corporate Defendants have knowingly, maliciously, and willfully entered into said

13  conspiracy, which continues until this day.  The purposes of this ongoing conspiracy include, but

14  are not limited to, the wrongs alleged herein.  All corporate Defendants' acts and failures to act as

15  alleged herein were perpetrated in furtherance of the ongoing conspiracy.

16      11.     Plaintiff is informed and believes and thereupon alleges that at all times material

17  herein, each corporate Defendant was completely dominated and controlled by its, his or her co-

18  corporate Defendants, each was the agent, representative, and alter ego of the others, and all aided

19  and abetted the wrongful acts of the others.

20      12.     Plaintiff is informed and believes and thereupon alleges that at all

21  times material herein, each of the corporate Defendants was the agent, employee and/or joint

22  venturer of, or working in concert with, co-corporate Defendants and was acting within the course

23  and scope of such agency, employment, and/or joint venture or concerted activity.  To the extent

24  that said conduct and omissions were perpetrated by certain corporate Defendants, Plaintiff is

25  informed and believes and thereupon alleges that the remaining corporate Defendant and/or

26  Defendants confirmed and ratified said conduct and omissions.

27      13.     Whenever and wherever reference is made to individuals who are not named as

28  defendants in this Complaint but are or were employees and/or agents of Defendants, such

1 | references shall be deemed to mean that such individuals at all relevant times acted on behalf of the
2 | corporate Defendants within the scope of their employment.

3 |     14.    At all times relevant to this action, the corporate Defendants, and each of them were
4 | an employer, joint-employer, or integrated enterprise that regularly employed five or more persons
5 | within the meaning of the California Fair Employment and Housing Act ("FEHA") at California
6 | Government Code section 12926(d).

7 |     15.    Plaintiff is informed and believes and on that basis alleges that at all times relevant
8 | herein, the corporate Defendants, and each of them, had the right to control, and controlled, Plaintiff's
9 | wages, hours and working conditions, and they had the right to control the manner in which Plaintiff
10 | performed his work duties, including but not limited supervision of his work, and they were joint
11 | employers or co-employers of Plaintiff at all times during his employment.

12 |     16.    Plaintiff is informed and believes and on that basis alleges that at all times relevant
13 | herein, the corporate Defendants, and each of them, were an integrated enterprise in that they had an
14 | interrelation of operations, centralized control of labor relations, common management, and common
15 | ownership or financial control.

16 | **GENERAL ALLEGATIONS**

17 |     17.    Plaintiff suffers from quadriplegia, is legally handicapped and uses an electric
18 | powered wheelchair for all of his life activities.

19 |     18.    Plaintiff began employment with LOWE'S in July 2004 as an Installation Sales
20 | Coordinator. Proving successful in his position, LOWE'S promoted Plaintiff in 2007 to the
21 | position Installed Sales Manager. Plaintiff was a model and distinguished employee which is
22 | evident from his eleven year tenure. Moreover, he has received numerous exemplary customer
23 | focus scores from customers of LOWE'S. During Plaintiff's tenure he received stellar performance
24 | evaluations wherein the managers praised him noting that "he has proven to be an asset" and he
25 | should "look toward the next level in his career." Plaintiff received regular annual pay raises
26 | continuing until his last performance evaluation in March 2013.

27 |     19.    In the last half of August 2014, Plaintiff started to suffer from major health issues
28 | related to his spine that caused him to miss work as he needed emergency medical tests and

G|D
L|F

1 physical therapy.

2     20.    Upon discovering his need for medical attention, Plaintiff immediately notified his

3 Store Manager KONKEL, his direct manager RASHEED and the human resource manager Larry

4 Malone of his need to take time off as an accommodation for his disability.

5     21.    KONKEL, RASHEED and Mr. Malone told Plaintiff that he could use his

6 vacation and holiday hours to cover the time lost. However, subsequently, after a few weeks of

7 medical treatment and physical therapy, Plaintiff was confronted by Mr. Malone who told Plaintiff

8 that he could no longer use his vacation or holiday hours for his medical treatment and physical

9 therapy. Plaintiff opposed LOWE'S denial of his reasonable accommodation. After Plaintiff

10 complained about the disparate treatment, management retaliated by making it hard for him to

11 attend his medical appointments altogether.

12     22.    In early January 2015, Plaintiff had a discussion with LOWE'S District Manager

13 Ron Puente regarding Plaintiff's departmental needs. Plaintiff informed Mr. Puente that he had

14 been having health issues necessitating that he have time off from work to attend medical

15 appointments. Mr. Puente told Plaintiff that the open position within his department should have

16 been filled. Mr. Puente continued to tell Plaintiff "It's not right for you to suffer; especially what

17 you're going through."

18     23.    During the last two weeks of employment, Plaintiff attempted to use intermittent

19 leave for medical appointments. In response, RASHEED threatened that any additional absences

20 to attend medical appointments would result in his termination. RASHEED added to her threat

21 "you're not going to get special treatment just because you're in a wheelchair." Fearing loss of his

22 job, Plaintiff was forced to miss medical appointments.

23     24.    RASHEED stated that Plaintiff had to be at work to complete tasks that his

24 department team was failing to complete in his medical absences. During this time, LOWE'S began

25 a disciplinary attack against Plaintiff in a clear effort to create a paper trail to cover up the

26 discriminatory harassment and retaliation. Despite knowing of Plaintiff's medical condition and

27 anticipating Plaintiff's absences due to medical necessity, LOWE'S failed to fill open positions

28 leaving the department understaffed, all the while pressuring Plaintiff for not having his department

1   in order in his absence.

2       25.     When Plaintiff was questioned by LOWE'S Corporate about his department falling

3   behind, Plaintiff identified that management had refused to fill an open position in his department,

4   and had also failed to hold department staff accountable for unproductivity despite Plaintiff's direct

5   counseling of these individuals.

6       26.     Despite Plaintiff's dedication to LOWE'S and his proven track record, LOWE'S

7   ended Plaintiff's ten and a half year career on January 28, 2015. LOWE'S pretextual reason for

8   terminating Plaintiff was "poor job performance." However, Plaintiff's disability and need for

9   reasonable accommodation were substantial factors in LOWE'S decision to termination him and

10  LOWE'S would not have terminated him absent his disability. Indeed, LOWE'S, and specifically

11  under KONLEL's management, has a documented history of discriminating against employees

12  based on disabilities according to *Pegg v. LOWE'S*, Case 8:14-cv-01791-JLS-JCG, and *Smith v.*

13  *LOWE'S and Ken Konkle*, Case 30-2014-00762997-CU-WT-CJC.

14      27.     To add insult to injury, LOWE'S and KONLEL intentionally misrepresented to

15  Plaintiff that he was not entitled to receive his final wages due upon termination. Instead,

16  KONLEL misrepresented to Plaintiff that the only way he could obtain his final wages was by

17  signing an acknowledgment of termination. Relying on KONLEL, Plaintiff signed the

18  acknowledgement. KONLEL has a history of intentionally misrepresenting to employees some

19  benefit if they sign whatever document he places in front of them, as evidenced by *Smith v.*

20  *LOWE'S and Ken Konkle*, Case 30-2014-00762997-CU-WT-CJC. LOWE'S and KONLEL have a

21  pattern and practice of discriminating against employees with disabilities and intentionally

22  misrepresenting material facts to their employees.

23      28.     At all times pertinent hereto, California Civil Code section 3294(a) provided that as

24  to defendants who have been guilty of oppression, fraud, or malice, the plaintiff, in addition to the

25  actual damages, may recover exemplary damages for the sake of example and by way of punishing

26  said defendants.

27      29.     At all times pertinent hereto, California Civil Code section 3294(a) provided that an

28  employer shall be liable for damages pursuant to subdivision (a) if the employer authorized or

1  ratified the wrongful conduct for which the damages are awarded or was personally guilty of
2  oppression, fraud, or malice.

3       30.     Pursuant to the FEHA, Plaintiff filed a complaint against Defendants with the
4  California Department of Fair Employment and Housing in 2015, less than one year from the date
5  of the most recent violations of the FEHA committed against him.  Plaintiff obtained a Notice of
6  Case Closure and Right-to-Sue Notice from the California Department of Fair Employment and
7  Housing.

8       31.     On July 28, 2015, Plaintiff sent LOWE'S a notice of anticipated litigation and
9  demand for preservation of relevant evidence.  Upon information and belief, on thereon Plaintiff
10  alleges, LOWE'S failed to preserve relevant evidence.

11                 **FIRST CAUSE OF ACTION**

12                 **INTENTIONAL MISREPRESENTATION**

13                 **(AGAINST LOWE'S AND KONKEL)**

14       32.     Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as
15  though set forth herein in full again.

16       33.     KONKEL represented to Plaintiff that an important fact was true.  KONLEL
17  represented to Plaintiff that he needed to sign an acknowledgement or termination in order to
18  receive his final wages on January 28, 2015.

19       34.     KONKEL's representation was false because Labor Code section 201 imposes no
20  such obligation on an employee.

21       35.     KONKEL knew that the representation was false when he made it, or he made the
22  representation recklessly and without regard for its truth;

23       36.     KONKEL intended that Plaintiff rely on the representation.

24       37.     Plaintiff reasonably relied on KONKEL's representation.

25       38.     Plaintiff was harmed.  On February 6, 2015, LOWE'S issued its regular paychecks
26  and included an itemized wage statement for Plaintiff.  Unbeknownst to Plaintiff he would have
27  received his final wages on February 6, 2015, and would also have been entitled to statutory
28  waiting time penalties for the delay.

1    39.    Plaintiff's reliance on KONKEL's representation was a substantial factor in causing

2  his harm.

3    40.    LOWE'S and KONKEL have a pattern and practice of intentionally misrepresenting

4  material facts to employees, as evidenced by *Smith v. LOWE'S and Ken Konkle*, Case 30-2014-

5  00762997-CU-WT-CJC.

6    41.    Plaintiff is informed, believes, and thereon alleges that Defendants, by and through

7  their respective corporate officers, directors, and managing agents, ordered, authorized, approved,

8  and/or ratified the conduct herein alleged with intent to misrepresent material facts.

9    42.    Plaintiff is informed, believes, and thereon alleges that in doing, ordering,

10  authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendants, by

11  and through their officers, directors and managing agents acted in conscious and intentional

12  disregard for the rights, health, and welfare of Plaintiff.

13    43.    Defendants acted with fraud, as such term is defined in Civil Code section

14  3294(c)(3), in that they engaged in an intentional misrepresentation, deceit, or concealment of a

15  material fact known to the defendant with the intention on the part of the defendant of thereby

16  depriving a person of property or legal rights or otherwise causing injury.

17    44.    Defendants acted with oppression, as such term is defined in Civil Code section

18  3294(c)(2), in that they engaged in despicable conduct that subjected Plaintiff to cruel and unjust

19  hardship in conscious disregard of his rights.

20    45.    Defendants acted with malice, as such term is defined in Civil Code section

21  3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious

22  disregard for Plaintiff's.

23    46.    Pursuant to Civil Code section 3294, as a consequence of Defendants, by and

24  through their owners, officers, directors and managing agents' promulgation and enforcement of

25  the oppressive and malicious workplace policies and practices described hereinabove, Plaintiff is

26  entitled to recover his actual damages, as well as exemplary damages against Defendants, in an

27  amount deemed by the trier of fact sufficient to punish, deter, and make an example of said

28  Defendants.

## SECOND CAUSE OF ACTION

### FRAUDULENT AND DECEITFUL MISREPRESENTATION

### (AGAINST LOWE'S AND KONKEL)

47.   Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

48.   [T]he elements of an action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage. *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal. App. 4th 858, 868 (2008).

49.   KONLEL concealed and suppressed the material fact that LOWE'S owed Plaintiff his final wages due immediately upon termination on January 28, 2015.

50.   KONLEL had a duty to disclose to Plaintiff that he was entitled to his final wages upon his termination.

51.   KONLEL intentionally misrepresented that Plaintiff must sign an acknowledgement of termination in order to receive his final earned wages.  KONLEL intentionally concealed or suppressed the fact that Plaintiff was entitled to his final wages, with the intent to defraud Plaintiff out of his statutory waiting time penalties.

52.   Plaintiff was unaware of the fact that he was entitled to his final wages without any requirement that he sign any acknowledgement of termination.

53.   Plaintiff has been damaged as a result of the concealment or suppression of the material facts.  Plaintiff would have been entitled to waiting time penalties for LOWE'S delay in payment of final wages.

/ / /

/ / /

54.     LOWE'S and KONKEL have a pattern and practice of fraudulent and deceitful misrepresenting material facts to employees, as evidenced by *Smith v. LOWE'S and Ken Konkle*, Case 30-2014-00762997-CU-WT-CJC.

55.     Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to misrepresent material facts.

56.     Plaintiff is informed, believes, and thereon alleges that in doing, ordering, authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendants, by and through their officers, directors and managing agents acted in conscious and intentional disregard for the rights, health, and welfare of Plaintiff.

57.     Defendants acted with fraud, as such term is defined in Civil Code section 3294(c)(3), in that they engaged in an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

58.     Defendants acted with oppression, as such term is defined in Civil Code section 3294(c)(2), in that they engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights.

59.     Defendants acted with malice, as such term is defined in Civil Code section 3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious disregard for Plaintiff's.

60.     Pursuant to Civil Code section 3294, as a consequence of Defendants, by and through their owners, officers, directors and managing agents' promulgation and enforcement of the oppressive and malicious workplace policies and practices described hereinabove, Plaintiff is entitled to recover his actual damages, as well as exemplary damages against Defendants, in an amount deemed by the trier of fact sufficient to punish, deter, and make an example of said Defendants.

/ / /

/ / /

### THIRD CAUSE OF ACTION

### FEHA DISABILITY DISCRIMINATION

### (AGAINST LOWE'S)

61.   Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

62.   "The law of this state in the area of disabilities provides protections independent from those in the federal Americans with Disabilities Act of 1990 . . . Although the federal act provides a floor of protection, this state's law has always, even prior to passage of the federal act, afforded *additional protections*." Gov. Code § 12926.1(a)(emphasis added); *see also* Gov. Code § 12926.1(d)(1); 2 C.C.R. § 11065(d)(8).

63.   It is an unlawful employment practice for an employer, because of the "physical disability, mental disability, medical condition, or genetic information" of any person, to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.  Gov. Code § 12940(a).

64.   "Physical disability" includes but is not limited to any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that both: Affects one or more of the following body systems: neurologic, immunological, musculoskeletal, special sense organs, respiratory, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin and endocrine; and Limits an individual's ability to participate in major life activities.  Gov. Code § 12926(m)(1); 2 C.C.R. § 11065(d)(2)(B).  "Major life activities" is broadly construed and includes physical, mental and social activities and working.  Gov. Code § 12926(m)(1)(B)(iii); 2 C.C.R. § 11065(l).

65.   LOWE'S was aware of Plaintiff's quadriplegia, a physical disability, throughout all of his employment.

66.   LOWE'S also became aware of Plaintiff's exacerbation of his disability in late 2014 when Plaintiff notified LOWE'S of his need for reasonable accommodation to attend medical appointments for treatment.

67.   While at first LOWE'S was agreeable to reasonable accommodations, LOWE'S

1   subsequently changed course and actually threatened Plaintiff in January 2015 that if he missed any
2   more work to attend his medical appointments he would be terminated.  RASHEED added to her
3   threat "you're not going to get special treatment just because you're in a wheelchair."

4      68.    Plaintiff's disability was a substantial factor motivating LOWE'S to terminate his
5   ten year career.

6      69.    Plaintiff was harmed by Defendants' discrimination.  As a direct and proximate
7   result of the actions of Defendants, and each of them, Plaintiff has suffered, and continues to suffer,
8   losses in earnings and other benefits, and will, for a period of time in the future, be unable to obtain
9   gainful employment, as his ability to gain such employment and earning capacity have been
10  diminished.  The exact amount of such losses is presently unknown, and Plaintiff will seek leave of
11  Court to amend this complaint to set forth the exact amount when it is ascertained.  As a direct,
12  proximate and foreseeable result of Defendants' conduct, Plaintiff has suffered, and continues to
13  suffer, general damages and emotional distress in the form of embarrassment, humiliation, anxiety,
14  worry, loss of sleep, loss of appetite and other symptoms, loss of enjoyment, and other incidental
15  and consequential damages and expenses in an amount according to proof at trial, and in excess of
16  this Court's minimal jurisdiction.

17     70.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

18     71.    Pursuant to the FEHA, Plaintiff is entitled to an award of attorneys' fees and costs
19  including expert witness fees.  Gov. Code § 12965.

20     72.    Plaintiff is informed, believes, and thereon alleges that Defendants, by and through
21  their respective corporate officers, directors, and managing agents, ordered, authorized, approved,
22  and/or ratified the conduct herein alleged with intent to discriminate against his in violation of the
23  FEHA.

24     73.    Plaintiff is informed, believes, and thereon alleges that in doing, ordering,
25  authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendants, by
26  and through their officers, directors and managing agents acted in conscious and intentional
27  disregard for the rights, health, and welfare of Plaintiff.

28  / / /

1    74.    Defendants acted with oppression, as such term is defined in Civil Code section

2  3294(c)(2), in that they engaged in despicable conduct that subjected Plaintiff to cruel and unjust

3  hardship in conscious disregard of his FEHA rights.

4    75.    Defendants acted with malice, as such term is defined in Civil Code section

5  3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious

6  disregard for Plaintiff's FEHA rights.

7    76.    Pursuant to Civil Code section 3294, as a consequence of Defendants, by and

8  through their owners, officers, directors and managing agents' promulgation and enforcement of

9  the oppressive and malicious workplace policies and practices described hereinabove, Plaintiff is

10  entitled to recover his actual damages, as well as exemplary damages against Defendants, in an

11  amount deemed by the trier of fact sufficient to punish, deter, and make an example of said

12  Defendants.

13                          **FOURTH CAUSE OF ACTION**

14  **FEHA FAILURE TO ENGAGE IN A TIMELY GOOD FAITH INTERACTIVE PROCESS**

15                              **(AGAINST LOWE'S)**

16    77.    Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as

17  though set forth herein in full again.

18    78.    It is an unlawful employment practice "For an employer or other entity covered by

19  this part to fail to engage in a timely, good faith, interactive process with the employee or applicant

20  to determine effective reasonable accommodations, if any, in response to a request for reasonable

21  accommodation by an employee or applicant with a known physical or mental disability or known

22  medical condition. Gov. Code § 12940(n).

23    79.    That an employer took some steps to work with an employee to identify reasonable

24  accommodations does not absolve the employer of liability under § 12940(n).  If the employer is

25  responsible for a later breakdown in the process, it may be held liable. *Nadaf-Rahrov v. The*

26  *Neiman Marcus Group, Inc.*, 166 Cal.App.4th 952, 986 (2008) (employer caused breakdown in

27  interactive process by refusing to provide information about available positions).

28    80.    LOWE'S was aware of Plaintiff's quadriplegia, a physical disability, throughout all

1   of his employment.

2        81.    LOWE'S also became aware of Plaintiff's exacerbation of his disability in late 2014

3   when Plaintiff notified LOWE'S of his need for reasonable accommodation to attend medical

4   appointments for treatment.

5        82.    While at first LOWE'S was agreeable to reasonable accommodations, LOWE'S

6   subsequently changed course and actually threatened Plaintiff in January 2015 that if he missed any

7   more work to attend his medical appointments he would be terminated.  RASHEED added to her

8   threat "you're not going to get special treatment just because you're in a wheelchair."  In so doing,

9   LOWE'S failed to engage in a timely good faith interactive process.

10       83.    Plaintiff was harmed by Defendants' failure to engage in a timely good faith

11  interactive process.  As a direct and proximate result of the actions of Defendants, and each of

12  them, Plaintiff has suffered, and continues to suffer, losses in earnings and other benefits, and will,

13  for a period of time in the future, be unable to obtain gainful employment, as his ability to gain

14  such employment and earning capacity have been diminished.  The exact amount of such losses is

15  presently unknown, and Plaintiff will seek leave of Court to amend this complaint to set forth the

16  exact amount when it is ascertained.  As a direct, proximate and foreseeable result of Defendants'

17  conduct, Plaintiff has suffered, and continues to suffer, general damages and emotional distress in

18  the form of embarrassment, humiliation, anxiety, worry, loss of sleep, loss of appetite and other

19  symptoms, loss of enjoyment, and other incidental and consequential damages and expenses in an

20  amount according to proof at trial, and in excess of this Court's minimal jurisdiction.

21       84.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

22       85.    Pursuant to the FEHA, Plaintiff is entitled to an award of attorneys' fees and costs

23  including expert witness fees.  Gov. Code § 12965.

24       86.    Plaintiff is informed, believes, and thereon alleges that Defendants, by and through

25  their respective corporate officers, directors, and managing agents, ordered, authorized, approved,

26  and/or ratified the conduct herein alleged with intent to discriminate against his in violation of the

27  FEHA.

28  / / /

G|D
L|F

87.     Plaintiff is informed, believes, and thereon alleges that in doing, ordering, authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendants, by and through their officers, directors and managing agents acted in conscious and intentional disregard for the rights, health, and welfare of Plaintiff.

88.     Defendants acted with oppression, as such term is defined in Civil Code section 3294(c)(2), in that they engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of his FEHA rights.

89.     Defendants acted with malice, as such term is defined in Civil Code section 3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious disregard for Plaintiff's FEHA rights.

90.     Pursuant to Civil Code section 3294, as a consequence of Defendants, by and through their owners, officers, directors and managing agents' promulgation and enforcement of the oppressive and malicious workplace policies and practices described hereinabove, Plaintiff is entitled to recover his actual damages, as well as exemplary damages against Defendants, in an amount deemed by the trier of fact sufficient to punish, deter, and make an example of said Defendants.

## FIFTH CAUSE OF ACTION

### FEHA FAILURE TO PROVIDE REASONABLE ACCOMMODATION

### (AGAINST LOWE'S)

91.     Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

92.     The FEHA requires employers to make reasonable accommodation for the known disabilities of applicants and employees to enable them to perform a position's essential functions, unless doing so would produce undue hardship to the employer's operations. Gov. Code § 12940(m); 2 CCR § 11068(a); see Fisher v. Sup.Ct. (Alpha Therapeutic Corp.) (1986) 177 Cal. App. 3d 779, 783 (1986) (employer had reasonable accommodation obligation to employee with cancer-related medical condition).

/ / /

1     93.     Employers who are aware of an employee's disability have an affirmative duty to

2 make reasonable accommodations for such disability. This duty arises even if the employee has not

3 requested any accommodation. *Prilliman v. United Air Lines, Inc.*, 53 Cal. App. 4th 935, 949–50

4 (1997) (employer had duty to take affirmative steps to make known to disabled employee other job

5 opportunities within the company and to determine whether employee was qualified for those

6 positions).

7     94.     "Paid or unpaid leaves of absence. When the employee cannot presently perform the

8 essential functions of the job, or otherwise needs time away from the job for treatment and

9 recovery, holding a job open for an employee on a leave of absence or extending a leave provided

10 by the CFRA, the FMLA, other leave laws, or an employer's leave plan may be a reasonable

11 accommodation provided that the leave is likely to be effective in allowing the employee to return

12 to work at the end of the leave, with or without further reasonable accommodation, and does not

13 create an undue hardship for the employer." 2 CCR § 11068(c).

14     95.     "Reasonable accommodation" may include: Job restructuring, part-time or modified

15 work schedules, reassignment to a vacant position, acquisition or modification of equipment or

16 devices, adjustment or modifications of examinations, training materials or policies, the provision

17 of qualified readers or interpreters, and other similar accommodations for individuals with

18 disabilities. Gov. Code § 12926(p).

19     96.     LOWE'S was aware of Plaintiff's quadriplegia, a physical disability, throughout all

20 of his employment.

21     97.     LOWE'S also became aware of Plaintiff's exacerbation of his disability in late 2014

22 when Plaintiff notified LOWE'S of his need for reasonable accommodation to attend medical

23 appointments for treatment.

24     98.     While at first LOWE'S was agreeable to reasonable accommodations, LOWE'S

25 subsequently changed course and actually threatened Plaintiff in January 2015 that if he missed any

26 more work to attend his medical appointments he would be terminated. RASHEED added to her

27 threat "you're not going to get special treatment just because you're in a wheelchair." In so doing,

28 LOWE'S failed to provide a reasonable accommodation.

99. LOWE'S could have easily provided a reasonable accommodation of alleviating Plaintiff's responsibility by providing temporary help in the department, or even filling the open position in Plaintiff's Department to prevent understaffing; hold the current team responsible for failing at their assigned tasks to assure the work was completed and absorb any gaps during Plaintiff's absence; and/or allowing Plaintiff to take a leave of absence to properly obtain the necessary medical treatment. Despite Plaintiff telling RASHEED about the issues with current team members, and questioning LOWE'S failure to fill the open position in the department, LOWE'S did nothing to accommodate Plaintiff other than set him up for failure and harass him while doing the same.

100. Plaintiff was harmed by Defendants' failure to provide a reasonable accommodation. As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff has suffered, and continues to suffer, losses in earnings and other benefits, and will, for a period of time in the future, be unable to obtain gainful employment, as his ability to gain such employment and earning capacity have been diminished. The exact amount of such losses is presently unknown, and Plaintiff will seek leave of Court to amend this complaint to set forth the exact amount when it is ascertained. As a direct, proximate and foreseeable result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, general damages and emotional distress in the form of embarrassment, humiliation, anxiety, worry, loss of sleep, loss of appetite and other symptoms, loss of enjoyment, and other incidental and consequential damages and expenses in an amount according to proof at trial, and in excess of this Court's minimal jurisdiction.

101. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

102. Pursuant to the FEHA, Plaintiff is entitled to an award of attorneys' fees and costs including expert witness fees. Gov. Code § 12965.

103. Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to discriminate against his in violation of the FEHA.

///

104.     Plaintiff is informed, believes, and thereon alleges that in doing, ordering, authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendants, by and through their officers, directors and managing agents acted in conscious and intentional disregard for the rights, health, and welfare of Plaintiff.

105.     Defendants acted with oppression, as such term is defined in Civil Code section 3294(c)(2), in that they engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of his FEHA rights.

106.     Defendants acted with malice, as such term is defined in Civil Code section 3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious disregard for Plaintiff's FEHA rights.

107.     Pursuant to Civil Code section 3294, as a consequence of Defendants, by and through their owners, officers, directors and managing agents' promulgation and enforcement of the oppressive and malicious workplace policies and practices described hereinabove, Plaintiff is entitled to recover his actual damages, as well as exemplary damages against Defendants, in an amount deemed by the trier of fact sufficient to punish, deter, and make an example of said Defendants.

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (AGAINST LOWE'S)

108.     Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

109.     It is well settled that the FEHA prohibition on discrimination supports a common law tort action for termination in violation of "fundamental" public policy. *Angell v. Peterson Tractor, Inc.*, 21 Cal. App. 4th 981, 987 (1994).

110.     LOWE'S discharge of Plaintiff violated fundamental public policies articulated in the FEHA, and applicable case law.

/ / /

/ / /

1    111.   The following factors played substantial or motivating roles in Defendants' decision

2  to discharge Plaintiff: because of Plaintiff's disability, request for reasonable accommodations,

3  intermittent leaves, and request for timely engagement of a good faith interactive process.

4    112.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

5    113.   As a direct, proximate and foreseeable result of Defendants' conduct, Plaintiff has

6  suffered, and continues to suffer, general damages and emotional distress in the form of

7  embarrassment, humiliation, anxiety, worry, loss of sleep, loss of appetite and other symptoms, loss

8  of enjoyment, and other incidental and consequential damages and expenses in an amount

9  according to proof at trial, and in excess of this Court's minimal jurisdiction.

10    114.   The conduct of Defendants, and their managing agents and employees, constituted

11  oppression, fraud, malice and was motivated by hostility and ill will, thereby entitling Plaintiff to

12  an award of punitive damages against Defendants in an amount appropriate to punish and make an

13  example of said Defendants.

14    115.   Plaintiff is informed, believes, and thereon alleges that Defendants, by and through

15  their respective corporate officers, directors, and managing agents, ordered, authorized, approved,

16  and/or ratified the conduct herein alleged with intent to discriminate against his in violation of

17  fundamental public policies.

18    116.   Plaintiff is informed, believes, and thereon alleges that in doing, ordering,

19  authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendants, by

20  and through their officers, directors and managing agents acted in conscious and intentional

21  disregard for the rights, health, and welfare of Plaintiff.

22    117.   Defendants acted with oppression, as such term is defined in Civil Code section

23  3294(c)(2), in that they engaged in despicable conduct that subjected Plaintiff to cruel and unjust

24  hardship in conscious disregard of his FEHA rights to not be discriminated against on the basis of

25  protected characteristics.

26    118.   Defendants acted with malice, as such term is defined in Civil Code section

27  3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious

28  disregard for Plaintiff's FEHA rights to not be discriminated against on the basis of protected

1    characteristics.

2    119.    Pursuant to Civil Code section 3294, as a consequence of Defendants, by and

3    through their owners, officers, directors and managing agents' promulgation and enforcement of

4    the oppressive and malicious workplace policies and practices described hereinabove, Plaintiff is

5    entitled to recover his actual damages, as well as exemplary damages against Defendants, in an

6    amount deemed by the trier of fact sufficient to punish, deter, and make an example of said

7    Defendants.

8    ### SEVENTH CAUSE OF ACTION

9    ### RETALIATION/INTERFERENCE IN VIOLATION OF FMLA

10    ### (AGAINST LOWE'S AND ANONKA RASHEED)

11    120.    Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as

12    though set forth herein in full again.

13    121.    "It shall be unlawful for any employer to interfere with, restrain, or deny the

14    exercise of or the attempt to exercise, any right provided under" the Family and Medical Leave Act

15    ("FMLA"). 29 U.S.C.A. § 2615(a)(1); *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1141 (9th Cir.

16    2003). 29 C.F.R. § 825.300(d) requires an employer who has enough information to determine

17    whether a leave is being taking for a FMLA-qualifying reason to notify the employee whether the

18    leave will be designated and counted FMLA leave within five days. Failure to provide the required

19    leave may constitute an interference with, restraint, or denial of the exercise of an employee's

20    FMLA rights, subjecting the employer for compensation and benefits lost by reason of the

21    violation. 29 C.F.R. § 825.300(e).

22    122.    The FMLA definition of "employer" extends to "any person who acts, directly or

23    indirectly, in the interest of an employer to any of the employees of such employer." 29 USC §

24    2611(4)(A)(ii)(I). Thus, courts have held an individual supervisor liable for FMLA violations if he

25    or she had "supervisory authority over the complaining employee and was responsible in whole or

26    in part for the alleged violation." *Mercer v. Borden*, 11 F.Supp.2d 1190, 1191 (CD CA 1998).

27    123.    LOWE'S had enough information from Plaintiff's numerous notifications to

28    determine whether his requested intermittent leave was being taking for an FMLA-qualifying

1   reason. LOWE'S, however, failed to notify the Plaintiff whether the leave would be designated

2   and counted FMLA leave. Instead, RASHEED, who had authority over Plaintiff, directly

3   threatened Plaintiff that he would be terminated if he used any intermittent leave for his serious

4   health condition. RASHEED added to her threat "you're not going to get special treatment just

5   because you're in a wheelchair. Thus, LOWE'S and RASHEED violated the FMLA.

6        124.   LOWE'S could have easily provided a reasonable accommodation of alleviating

7   Plaintiff's responsibility by providing temporary help in the department, or even filling the open

8   position in Plaintiff's Department to prevent understaffing; hold the current team responsible for

9   failing at their assigned tasks to assure the work was completed and absorb any gaps during

10   Plaintiff's absence; and/or allowing Plaintiff to take a leave of absence to properly obtain the

11   necessary medical treatment. Despite Plaintiff telling RASHEED about the issues with current

12   team members, and questioning LOWE'S failure to fill the open position in the department,

13   LOWE'S did nothing to accommodate Plaintiff other than set him up for failure and harass him

14   while doing the same.

15        125.   As a direct and proximate result of the actions of Defendants, and each of them,

16   Plaintiff has suffered, and continues to suffer, losses in earnings and other benefits, and will, for a

17   period of time in the future, be unable to obtain gainful employment, as his ability to gain such

18   employment and earning capacity have been diminished. The exact amount of such losses is

19   presently unknown, and Plaintiff will seek leave of Court to amend this complaint to set forth the

20   exact amount when it is ascertained. As a direct, proximate and foreseeable result of Defendants'

21   conduct, Plaintiff has suffered, and continues to suffer, general damages and emotional distress in

22   the form of embarrassment, humiliation, anxiety, worry, loss of sleep, loss of appetite and other

23   symptoms, loss of enjoyment, and other incidental and consequential damages and expenses in an

24   amount according to proof at trial, and in excess of this Court's minimal jurisdiction.

25        126.   Pursuant to the FMLA, Plaintiff is entitled to an award of attorneys' fees and costs

26   including expert witness fees, lost wages, benefits, interest, and liquidated damages. 29 USC §

27   2617(a)(1)(A)(i)(I)(ii)(iii)(3); 29 CFR § 825.400(c).

28   / / /

1    127.    Plaintiff is informed, believes, and thereon alleges that Defendants, by and through
2    their respective corporate officers, directors, and managing agents, ordered, authorized, approved,
3    and/or ratified the conduct herein alleged with intent to discriminate against his in violation of the
4    FMLA.

5    128.    Plaintiff is informed, believes, and thereon alleges that in doing, ordering,
6    authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendants, by
7    and through their officers, directors and managing agents acted in conscious and intentional
8    disregard for the rights, health, and welfare of Plaintiff.

9    129.    Defendants acted with oppression, as such term is defined in Civil Code section
10   3294(c)(2), in that they engaged in despicable conduct that subjected Plaintiff to cruel and unjust
11   hardship in conscious disregard of his FMLA rights.

12   130.    Defendants acted with malice, as such term is defined in Civil Code section
13   3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious
14   disregard for Plaintiff's FMLA rights.

15   131.    Pursuant to Civil Code section 3294, as a consequence of Defendants, by and
16   through their owners, officers, directors and managing agents' promulgation and enforcement of
17   the oppressive and malicious workplace policies and practices described hereinabove, Plaintiff is
18   entitled to recover his actual damages, as well as exemplary damages against Defendants, in an
19   amount deemed by the trier of fact sufficient to punish, deter, and make an example of said
20   Defendants.

21                        **EIGHTH CAUSE OF ACTION**
22                **FEHA DECLARATORY AND INJUNCTIVE RELIEF**
23                              **(AGAINST LOWE'S)**

24   132.    Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as
25   though set forth herein in full again.

26   133.    Under the FEHA, a court may award any relief a court is empowered to grant in a
27   civil action, including, where appropriate, declaratory or injunctive relief to stop discriminatory
28   practices. In light of the FEHA's express purpose of not only redressing, but also preventing and

1    deterring unlawful discrimination in the workplace, even a plaintiff who ultimately is not awarded

2    damages, backpay, or reinstatement, could still be awarded declaratory relief or injunctive relief to

3    stop discriminatory practices. *See Harris v. City of Santa Monica*, 56 Cal. 4th 203, 211 (2013).

4    "This relief may include a requirement that the employer conduct training for all employees,

5    supervisors, and management on the requirements of [the FEHA], the rights and remedies of those

6    who allege a violation of [the FEHA], and the employer's internal grievance procedures." Cal.

7    Gov. Code § 12965(c).

8         134.    Consistent with the FEHA's goal of preventing and deterring unlawful

9    discrimination, Plaintiff seeks declaratory and injunctive relief to prohibit Defendants from

10   engaging in discriminatory practices as heretofore described.

11        135.    Pursuant to the FEHA, Plaintiff is entitled to an award of attorneys' fees and costs

12   including expert witness fees. Gov. Code § 12965.

13   ///

14   ///

15                              **PRAYER**

16        WHEREFORE, Plaintiff prays:

17        1.      For liquidated damages and other penalties as authorized by the FMLA.

18        2.      For compensatory general and special damages, in an amount according to proof at

19   the time of trial.

20        3.      For exemplary and punitive damages in an amount deemed sufficient by the trier of

21   fact to punish, deter, and make an example of the Defendants in an amount according to proof at

22   the time of trial.

23        4.      For declaratory injunctive relief in the form of an order enjoining the Defendants

24   from future unfair business practices and violations of the Government Code, as alleged

25   hereinabove.

26        5.      For reasonable attorneys' fees pursuant to the Government Code and Code of Civil

27   Procedure.

28        6.      For costs of suit including expert witness fees.

G|D
L|F

7.   For such other and further relief as the Court may deem proper.

Dated:  September 30, 2015

GUTIERREZ DERHAM LAW FIRM

By: _____

Matthew Gutierrez
Amber B. Derham
Attorneys for Plaintiff, EVAN BROWN

24

1

**DEMAND FOR JURY TRIAL**

2         Plaintiff hereby demands a trial by jury.

3

4 Dated: September 30, 2015            GUTIERREZ DERHAM LAW FIRM

5

6                              By: _____

7                                  Matthew Gutierrez

8                                Amber B. Derham
                               Attorneys for Plaintiff, EVAN BROWN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G|D
L|F

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

### BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

### DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May <u>Not</u> Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May <u>Not</u> Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.**   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.**   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.**   Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials.  Sometimes parties will try a combination of ADR types.  The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE).  For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session.  For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session.   Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                          Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                          Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____          _____          _____
                     (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____          _____          _____
                     (SIGNATURE OF DEFENDANT OR ATTORNEY)  (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> Gutierrez Derham Law Firm <br> Matthew Gutierrez (271206) <br> Amber B. Derham (255853) <br> 26632 Towne Centre Drive, Suite 300, Foothill Ranch, CA 92610 <br> TELEPHONE NO.: (949) 420-3767    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: mg@gdlfsocal.com; abd@gdlfsocal.com <br> ATTORNEY FOR *(Name)*: Plaintiff, EVAN BROWN | FOR COURT USE ONLY <br><br> **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of Orange <br><br> **09/30/2015** at 02:46:11 PM <br><br> Clerk of the Superior Court <br> By Giovanni Galon,Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE <br> STREET ADDRESS: 700 Civic Center Drive <br> MAILING ADDRESS: 700 Civic Center Drive <br> CITY AND ZIP CODE: Santa Ana, CA 92701 <br> BRANCH NAME: CENTRAL JUSTICE CENTER | |
| PLAINTIFF/PETITIONER: EVAN BROWN | 30-2015-00812544-CU-WT-CJC |
| DEFENDANT/RESPONDENT: LOWE'S HOME CENTERS, LLC, ET AL. | JUDICIAL OFFICER: <br> Judge Deborah Servino |
| **NOTICE OF RELATED CASE** | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a. Title: THOMAS SMITH VS. LOWE'S HOME CENTERS, LLC
    b. Case number:   30-2014-00762997-CU-WT-CJC
    c. Court: [✓] same as above
       [ ] other state or federal court *(name and address):*
    d. Department: C-21
    e. Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
    f. Filing date: 12/23/14
    g. Has this case been designated or determined as "complex?" [ ] Yes [✓] No
    h. Relationship of this case to the case referenced above *(check all that apply):*
       [✓] involves the same parties and is based on the same or similar claims.
       [ ] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
       [ ] involves claims against, title to, possession of, or damages to the same property.
       [✓] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
          [✓] Additional explanation is attached in attachment 1h
    i. Status of case:
       [✓] pending
       [ ] dismissed [ ] with [ ] without prejudice
       [ ] disposed of by judgment

2.  a. Title:
    b. Case number:
    c. Court: [ ] same as above
       [ ] other state or federal court *(name and address):*
    d. Department:

| Form Approved for Optional Use <br> Judicial Council of California <br> CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300 <br> www.courtinfo.ca.gov |
|---|---|---|

CM-015

| | |
|---|---|
| PLAINTIFF/PETITIONER:  EVAN BROWN | CASE NUMBER: |
| DEFENDANT/RESPONDENT:  LOWE'S HOME CENTERS, LLC, ET AL. | |

2. *(continued)*

    e.  Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f.  Filing date:

    g.  Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 2h

    i.  Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

3.  a.  Title:

    b.  Case number:

    c.  Court: ☐ same as above

        ☐ other state or federal court *(name and address):*

    d.  Department:

    e.  Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f.  Filing date:

    g.  Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 3h

    i.  Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: 9/30/15

Matthew Gutierrez
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

MC-025

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| BROWN V. LOWE'S HOME CENTERS, LLC, ET AL. | |

**ATTACHMENT** *(Number):* 1h

*(This Attachment may be used with any Judicial Council form.)*

Both THOMAS SMITH VS. LOWE'S HOME CENTERS, LLC, and the present action involve claims of FEHA Disability Discrimination and Wrongful Termination at Lowe's in Orange County, and perhaps even the same store in Aliso Viejo. Both cases involve Defendants LOWE'S HOME CENTERS, LLC. and KEN KONKEL. KEN KONKEL was a manager with authority over both Plaintiffs. KEN KONKEL is named as a defendant for claims of misrepresentation in both cases. The cases will likely involve discovery of the same facts and similar patterns of business practices.

SMITH VS. LOWE'S has no trial set. Rather, the case is in its infancy as the Case Management Conference is set for October 13, 2015, in Department C21.

If heard by different judges, there will likely be separate discovery motions involving the same factual disputes, there will likely be similar disputed material facts presented at the summary judgment hearings, for trial there will be presentation of similar evidence, and the trial dates will likely be very close to each other. For all of the foregoing reasons, there is likely to be duplication of judicial resources if heard by different judges.

---

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ___1___ of ___1___

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
to Judicial Council Form

www.courtinfo.ca.gov