**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-1793-DOC (KESx)          Date: January 8, 2016

Title: EVAN BROWN V. LOWE'S HOME CENTERS, LLC, ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

    Deborah Goltz                        Not Present
    Courtroom Clerk                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
             None Present                              None Present

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING MOTION TO REMAND [16]**

Before the Court is Plaintiff Evan Brown's ("Brown" or "Plaintiff") Motion to Remand ("Motion") (Dkt. 16). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court hereby DENIES Plaintiff's Motion.

**I.**      **Background**

On September 30, 2015, Plaintiff commenced an action against Defendant Lowe's Home Centers, LLC ("Lowe's"), Ken Konkel ("Konkel"), and Anonka Rasheed ("Rasheed"), in Orange County Superior Court. *See* Complaint ("Compl.") (Dkt. 1-1). Plaintiff's Complaint alleged eight claims: (1) intentional misrepresentation; (2) fraudulent and deceitful misrepresentation; (3) disability discrimination in violation of California Government Code §§ 12900, *et seq.* ("FEHA"); (4) failure to engage in a timely good faith interactive process in violation of FEHA; (5) failure to provide reasonable accommodation in violation of FEHA; (6) wrongful termination in violation of public policy; (7) retaliation/interference in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*; and (8) declaratory and injunctive relief under FEHA. Plaintiff brought his first and second claims against Lowe's and Konkel. Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-1793-DOC (KESx)                                         Date: January 8, 2016
                                                                                                              Page 2

brought claims three, four, five, six, and eight against only Lowe's. Plaintiff brought claim 7 (the only federal claim) against Lowe's and Rasheed.

On November 3, 2015, Defendant Lowe's removed the action to this Court on the basis of federal question jurisdiction and supplemental jurisdiction. Notice of Removal (Dkt. 1).

Subsequently, on November 10, 2015, Plaintiff filed a First Amended Complaint ("FAC") (Dkt. 10). The FAC does not assert a claim for violations of the FMLA; the FAC only asserts state tort claims and state statutory claims. *See generally* FAC. The FAC does not assert any claims against Rasheed. *See generally id.*

Defendant Lowe's answered the FAC on November 25, 2015 ("Answer") (Dkt. 14).

Plaintiff is a citizen and resident of California. FAC ¶ 6. Defendant Konkel is a citizen of California. *Id.* ¶ 8. Plaintiff does not dispute that Defendant Lowe's is a citizen of North Carolina.[1]

On December 7, 2015 Plaintiff filed the instant Motion. Defendant Lowe's opposed on December 14, 2015 (Dkt. 18). Plaintiff replied on December 21, 2015 (Dkt. 19).

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is

---

[1] For purposes of diversity jurisdiction, a limited liability corporation is a citizen of every state in which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because Defendant Lowe's is a limited liability corporation, *see* Declaration of Larry Malone ("Malone Decl.") (Dkt. 18-2) ¶ 2, the Court must look to the citizenship of Defendant's Lowe's only owner/member – Lowe's Company's, Inc., *id.* ¶ 3, to determine its citizenship.
    "[A] corporation is a citizen . . . of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson*, 437 F.3d at 899. Defendant states that Lowe's Company's Inc. is a North Carolina corporation with its principal place of business and headquarters in North Carolina. Malone Decl. ¶ 3. Lowe's Company's Inc. is therefore a citizen of North Carolina. Accordingly, the Court concludes Defendant Lowe's is a citizen of North Carolina. *See Johnson*, 437 F.3d at 899.

Case 8:15-cv-01793-DOC-KES Document 21 Filed 01/08/16 Page 3 of 8 Page ID #:370

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-1793-DOC (KESx) Date: January 8, 2016
Page 3

pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Notice of removal must be filed within 30 days of receiving a copy of the original complaint, or "within 30 days after the service of summons upon the defendant, if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

"[P]ost-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("[A] plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based."). Therefore, "a party that has properly removed a case need not amend its removal notice or file a new notice after an amended complaint changes the ground for federal jurisdiction." *Id.* Once a defendant has properly removed a case, "the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Id.* Thus, "when a case is removed on the basis of federal question jurisdiction, and the federal claim is eliminated, the district court has discretion to remand the case unless the amended pleading shows diversity jurisdiction." *Gonzalez v. First NLC Fin. Servs.*, No. cv 09-4147 AHM (RZx), 2009 U.S. Dist. LEXIS 131518, *3 (C.D. Cal. Aug. 12, 2009).

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." *Id.*; *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

### III. Discussion

Plaintiff argues the Court should remand the action to Orange County Superior Court because the claims stated in the operative complaint (the FAC) are state law claims and the Court should decline to exercise supplemental jurisdiction over those state law claims. *See* Mot. at 1–4. Defendant responds that the FAC, which eliminated Plaintiff's federal claim, created diversity jurisdiction and therefore the Court does not have discretion to remand the case. *See* Opp'n at 2–3. Defendant argues the California

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-1793-DOC (KESx)                            Date: January 8, 2016
                                                                                                                                        Page 4

citizenship of Defendant Konkel should be disrgarded because he is fraudulently joined. *See id.* at 3–7. In the alternative, Defendant argues the Court should exercise supplemental jurisdiction over the state law claims. *See id.* at 11–15.

The Court will first consider whether diversity jurisdiction exists. To decide that question, the Court must first consider whether Defendant Konkel has been fraudulently joined.

### A.     Diversity Jurisdiction and Fraudulent Joinder

A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States" and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder occurs where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quotation omitted). "If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Hugais v. Sara Lee Corp.*, NO. C13-2368 THE, 2013 WL 3929141, at *2 (N.D. Cal. July 26, 2013). Framed another way, "a plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." *Rieger v. Wells Fargo Bank, Nat. Ass'n,* No. 3:13-0749-JSC, 2013 WL 1748045, at *3 (N.D. Cal. Apr. 23, 2013) (citation omitted).

There is well-established "presumption against finding fraudulent joinder," *Piute v. Roadway Package Sys., Inc.,* 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001), and a defendant's burden of proof is "heavy." *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1046 (9th Cir. 2009). Indeed, "the removing party must negate every possible scenario within the ambit of a well-pled claim." *Iniguez v. Vantium Capital, Inc.,* No., 2013 WL 1208750, at *2 (N.D. Cal. Mar. 25, 2013) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319–20 (9th Cir. 1998)).

Plaintiff does not dispute that the amount-in-controversy requirement has been met. Thus, the dispute centers on whether Defendant Konkel has been fraudulently joined such that his California citizenship should be disregarded. Lowe's must show it is "well-settled" and "obvious" that there is no possibility of Plaintiff succeeding against Konkel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-1793-DOC (KESx)                                                    Date: January 8, 2016
                                                                                                                                     Page 5

on any of the causes of action. The FAC alleges two claims against Konkel: intentional misrepresentation and fraudulent and deceitful misrepresentation. *See* FAC ¶¶ 47–75. Lowe's argues Brown cannot establish any viable claim against Konkel. Opp'n at 4. Specifically, Lowe's asserts Plaintiff's claims against Konkel fails as a matter of law because "Plaintiff undisputedly received his final wages and is thus owed no statutory waiting time penalties" and because "Plaintiff has not sustained any *actual damages* in reliance on Mr. Konkel's alleged misrepresentation or concealment, and Plaintiff would be entitled to waiting time penalties only if Mr. Konkel's alleged representation was truthful." *Id.* at 5.

The Court will first consider whether Plaintiff has a potentially valid intentional misrepresentation claim against Konkel. Under California law, "the essential elements of a count for intentional misrepresentation are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." *Smith-Emery Co. v. Int'l Union of Operating Engineers Local No. 12,* No. 215CV06367CASAFM, 2015 WL 7259742, at *5 (C.D. Cal. Nov. 16, 2015) (quoting *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 230–31 (2013)) (internal quotation marks omitted).

With respect to intentional misrepresentation, Plaintiff alleges, *inter alia*, the following facts:

- "Konkel intentionally misrepresented to Plaintiff that he was not entitled to receive his final wages upon termination. Instead, Konkel misrepresented to Plaintiff that the only way he could obtain his final wages was by signing an acknowledgement of termination." FAC ¶ 37.

- "Konkel represented to Plaintiff that an important fact was true. Konkel represented to Plaintiff that he needed to sign an acknowledgment [of] termination in order to receive his final wages on January 28, 2015." *Id.* ¶ 48.

- "Konkel's representation was false because Labor Code section 201 imposes no such obligation on an employee." *Id.* ¶ 49.

- "Konkel knew that the misrepresentation was false when he made it, or he made the representation recklessly and without regard for its truth[.]" *Id.* ¶ 50

- "Konkel intended that Plaintiff rely on the representation." *Id.* ¶ 51.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-1793-DOC (KESx)                                              Date: January 8, 2016
                                                                                                              Page 6

- "Plaintiff reasonably relied on Konkel's representation." *Id.* ¶ 52.

- "Plaintiff was harmed. On February 6, 2015, Lowe's issued its regular paychecks and included an itemized wage statement for Plaintiff. Unbeknownst to Plaintiff he would have received his final wages on February 6, 2015, and would also have been entitled to statutory waiting time penalties for the delay." *Id.* ¶ 53.

- "Plaintiff's reliance on Konkel's reputation was a substantial factor in causing his harm." *Id.* ¶ 54.

- "Lowe's and Konkel have a pattern and practice of intentionally misrepresenting material facts to employees, as evidenced by *Smith v. Lowe's and Ken Konk[el]*, Case 30-2014-00762997-CU-WT-CJC." *Id.* ¶ 55.

The FAC also alleges "Lowe's and Konkel have a pattern and practice of discriminating against employees with disabilities and intentionally misrepresenting material facts to their employees." *Id.* ¶ 37.

      The Court will first address Defendant's argument that Plaintiff's claims fail as a matter of law because Plaintiff has not sustained actual damages in reliance on Konkel's alleged misrepresentation. With respect to the "resulting damages" element of intentional misrepresentation, Plaintiff alleges only that, "[u]nbeknownst to Plaintiff he would have received his final wages on February 6, 2015, and *would also have been* entitled to statutory waiting time penalties for the delay." *Id.* ¶ 53 (emphasis added). However, Plaintiff is not owed any statutory waiting time penalties (or final wages) because Lowe's timely paid Plaintiff his final wages. Thus, it appears that Plaintiff does not and cannot allege any actual damages. To the contrary, Plaintiff alleges damages that are "speculative rather than existing or certain." *Saunders v. Taylor*, 42 Cal. App. 4th 1538, 1543–44 (Cal. Ct. App. 1996); *see also Ideal Elec. Co. v. Flowserve Corp.,* No. CV-S-02-1092-DAE(LRL, 2006 WL 3434745, at *12 (D. Nev. Nov. 22, 2006), *order amended on denial of reconsideration*, No. CVS-02-1092 DAE LRL, 2007 WL 1108537 (D. Nev. Apr. 10, 2007). ("Aside from liquidated damages, LMC makes no claim that it suffered any direct damages as a result of Ideal's alleged intentional misrepresentations. Therefore, the Court finds that LMC cannot state a claim against Ideal for intentional misrepresentation as it has not shown that [it] suffered any damages."). In other words, it does not appear that Plaintiff would ever be able to allege that he suffered any actual damages as a result of Konkel's alleged intentional misrepresentation.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-1793-DOC (KESx)                                          Date: January 8, 2016
                                                                                                                                         Page 7

        Like a claim for intentional misrepresentation, a claim for fraudulent misrepresentation also requires Plaintiff to plead resulting damages. *See Aleo Solar Deutschland GmbH v. Innovative Mech. & Elec., Inc.*, No. 2:12-CV-2629-ODW SPX, 2012 WL 3709632, at *2 (C.D. Cal. Aug. 28, 2012) (citing *City Sols., Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 839 (9th Cir. 2004)). Plaintiff's fraudulent misrepresentation claim against Konkel arises out of the same facts as his intentional misrepresentation claim. *See* FAC ¶¶ 62–75. Plaintiff similarly alleges he "*would have been* entitled to waiting time penalties for Lowe's delay in payment of final wages." *Id.* ¶ 68 (emphasis added). Thus, for the same reasons as articulated above, the Court concludes Plaintiff is unable to allege he has sustained actual damages.

        The Court is aware that, on December 15, 2015, Plaintiff sent notice to the California Labor and Workforce Development Agency ("LWDA") "in preparation of asserting a claim under California's Private Attorneys General Act of 2004, California Labor Code section 2698, *et seq.* ("PAGA") directly against Defendant Ken Konkel." Reply at 3; *see* Declaration of Matthew Gutierrez ("Gutierrez Decl.") Ex. A. Plaintiff has indicated that, if the LWDA does not take action, Plaintiff intends to amend his existing complaint to add a PAGA claim against Defendants Lowe's and Konkel. Reply at 3.[2] Plaintiff asserts this will create "further lack of complete diversity." *Id.* Because Plaintiff has not yet amended his complaint to add a PAGA claim against Defendant Konkel, the Court finds it improper to assess, at this time, whether this claim would constitute a potentially valid claim against a non-diverse defendant such that Plaintiff can survive a fraudulent joinder challenge. However, if Plaintiff does amend his complaint, it may be appropriate for the Court to revisit the question of whether the case should be remanded.

        Accordingly, the Court concludes Defendant has met its burden of showing there is no "possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint." *Hugais*, 2013 WL 3929141, at *2. Thus, the Court finds Konkel was fraudulently joined to this action. As such, complete diversity exists and the Court has subject matter jurisdiction over this action.

---

[2] Under California Labor Code Section 2699.3(a)(1)(C), "[n]otwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under [the PAGA] at any time within the 60 days of the time periods specified in [the PAGA]."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-1793-DOC (KESx)                            Date: January 8, 2016

                                                                                                                                          Page 8

## IV.   Disposition

       For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion to Remand without prejudice.

       The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                               Initials of Deputy Clerk: djg
CIVIL-GEN